**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 24-4570**

───────────

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

MARQUIS PETERSON,

    Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:23-cr-00023-D-RN-1)

───────────

Submitted:  May 28, 2026         Decided:  June 1, 2026

───────────

Before WYNN, QUATTLEBAUM, and HEYTENS, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:**  David Q. Burgess, DAVID BURGESS LAW, PC, Charlotte, North Carolina, for Appellant.  Daniel P. Bubar, Acting United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marquis Peterson appeals the 480-month sentence imposed after a federal jury found him guilty of conspiracy to distribute and possess with intent to distribute 40 grams or more of a mixture containing fentanyl, in violation of 21 U.S.C. § 846; distribution of 40 grams or more of a mixture containing fentanyl and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and conspiracy to distribute and possess with the intent to distribute a quantity of a mixture and substance containing methamphetamine, in violation of § 846.  On appeal, Peterson challenges the district court's application of enhancements for an aggravating role in the offense, involving another person in his drug activities, and possessing a dangerous weapon.  *See* U.S. Sentencing Guidelines Manual §§ 2D1.1(b)(16), (b)(1), 3B1.1(c) (2023).  Based on a total offense level of 42 and a criminal history category of III, the Sentencing Guidelines range was 360 to 1,200 months' imprisonment.  If Peterson prevailed on all three challenges he raises on appeal, the offense level would be 36, and the Guidelines range would be 235 to 293 months.  For the following reasons, we affirm.

A Guidelines error is harmless—and, thus, does not warrant reversal—if "(1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be reasonable even if the Guidelines issue had been decided in the defendant's favor." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (citation modified).  Here, the district court explicitly stated that a 480-month sentence was warranted under the relevant 18 U.S.C. § 3553(a) factors and that it would impose the same sentence as a variance even if it had miscalculated the Guidelines range

2

based on the court's assessment of those factors.  Because the "court made it abundantly clear that it would have imposed the same sentence . . . regardless of the advice of the Guidelines," *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014), we conclude that the first prong of the assumed error harmlessness inquiry is satisfied.

Turning to the second prong, we consider whether the sentence is substantively reasonable, taking into account the Guidelines range that would have applied absent the assumed error. *Mills*, 917 F.3d at 331.  To be substantively reasonable, a sentence must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a).

Peterson's 480-month sentence is 187 months longer than the top of the Guidelines ranges that would have applied had he prevailed on his challenges.  As the district court explained, an upward variance was warranted in light of the nature of the offense and Peterson's criminal history and characteristics.  The court also explained that the 480-month sentence accounted for the serious nature of the offense, Peterson's violent criminal history, and the need to promote respect for the law and provide just punishment. Specifically, Peterson was a serial recidivist who continued to deal drugs even after he was incarcerated on the original charges in this case.  Based on the factors the court identified, we conclude that Peterson's sentence is substantively reasonable, and consequently, that any miscalculation of Peterson's Guidelines range is harmless.

3

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*